STATE of Tennessee, Appellee,
Appellant,

v.

Michael Lee McMAHAN, Appellant,
Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 6, 1981.

Permission to Appeal Denied by Supreme
Court March 16, 1981.

Roger D. Moore, Jackson, for appellant, appellee.

William M. Leech, Jr., Atty. Gen. & Reporter, Robert L. Jolley, Jr., Senior Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., John W. Gill, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee, appellant.

## OPINION

DWYER, Judge.

The appellant was tried on a twelve-count indictment charging him with committing the offenses of forgery and passing a forged instrument over the value of $200, T.C.A. § 39–1701 and T.C.A. § 39–1704. The counts of the indictments were aligned in this manner. The first count charged forgery, the second count charged passing a forged instrument, continuing in that manner until the twelfth and concluding count charged passing a forged instrument.

The jury acquitted the appellant of all counts charging forgery but convicted him on the six counts (two, four, six, eight, ten and twelve) of passing a forged instrument with punishment in all six counts of confinement for not less than five nor more than nine years.

When the appellant's motion for a new trial was overruled the trial court granted appellant's motion for judgment of acquittal in two of the counts (six and eight) and set the jury's verdict aside. The State timely filed an appeal. See Tennessee Rules of Appellate Procedure 3(c)(2); Tenn. R.Crim.P. 29(c). It is the State's argument that the evidence was sufficient to sustain all the convictions. It is appellant's sole issue here that the evidence is insufficient to sustain the convictions as to the four counts that the trial court entered judgments on.

With both adversaries attacking the sufficiency of the evidence, we will narrate it as found from our reading of the record.

A Mr. Harry Shotsman, testifying as a State's witness, related that sometime in 1978 as President of the Beaver Brook Country Club in Knox County, his attention was directed to certain checks of that club which had been cashed by the bank and bore his signature, H. Shotsman, as maker. An investigation revealed that six checks drawn on the Beaver Brook Country Club in amounts over $263 had been purloined from the Club with his name forged thereon and had been cashed. The six checks were numbered as follows: 1189, 1191, 1192, 1193, 1194, and 1195. The checks all bore the date of August 25, 1978, with First Tennessee, the drawee bank, receiving them on August 28, 1978.

All of the checks listed the payee as the appellant and all of the checks were endorsed with the signature of Michael McMahan. Mr. Shotsman further testified he was without authority as President of the Club to sign the checks and that the appellant was not only unknown to him but was never an employee of the Club.

The State called various employees of different banks in Knox County with testimony from each as to receiving the six checks. We will describe the checks as introduced into evidence and the corresponding testimony as to each as found from our reading of this record:

Check No. 1189, in the amount of $263.33, was cashed on August 28, 1978, with the teller unable to identify the passer but placing his temporary driver's license number, 3775975, and birth date on the back of the check.

Check No. 1191, in the amount of $263.22, was cashed on August 28, 1978, with a former manager of one of the banks unable to identify the man passer but did identify his initials as authorizing the cashing.

Also, the passer's driver's license number and the address 300 Surry Road, zip code 37915 were on the back.

Check No. 1192, in the amount of $263.12, was cashed on August 28, 1978, with the teller relating that she knew appellant and identifying the appellant as the passer. She therefore did not require any identification other than his endorsement on the back of the check.

Check No. 1193, in the amount of $263.13, was cashed on August 28, 1978, with the teller unable to identify the passer. A

fingerprint expert offered by the State established appellant's left palm print was found on this check.

Check No. 1194, in the amount of $263.13, was cashed on August 28, 1978, with the teller unable to identify the passer but noting on the back of the check two Tennessee driver's license numbers, Social Security Number 413–70–6259, and the address 300 Surry Road, zip code 37915. Also, part of appellant's right palm print was found on this check.

Check No. 1195, in the amount of $263.13, was cashed on August 28, 1978, with the teller unable to identify the passer but noting on the back, Temporary Tennessee Driver's License No. 3377573. The appellant's right middle fingerprint was found on the back of this check.

The appellant, testifying in his own behalf, acknowledged that on August 28, 1978, he was in a work release program during the waning days of his conviction in Federal court for passing counterfeit money and while in this program, someone had stolen his wallet containing his identification papers. He acknowledged that he had temporarily resided with his sister at 300 Surry Road. He denied forging or passing any of the forged instruments and further related that when arrested at his sister's house he had been taken to jail for questioning during which time he handled a check.

■ In reviewing the appellant's contention that the evidence was insufficient as to the four counts, the State is entitled to the strongest legitimate view of the trial evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). The jury verdict, approved by the trial judge, accredited the testimony of the witnesses for the State and established their credibility. *State v. Townsend*, 525 S.W.2d 842, 843 (Tenn.1975).

■ In Count Two, involving Check Number 1192, we are satisfied that the jury believed the teller's identification of the passer. This alone is sufficient to sustain the conviction on this count.

■ With the appellant's prints being discovered on the checks involved in Count Four (Check No. 1194), Count Ten (Check No. 1193), and, Count Twelve (Check No. 1195), we are satisfied that the evidence is sufficient to sustain the conviction on these counts. The jury, simply put, did not believe that the appellant lost his wallet or his denial of passing the forged checks. In other words, the direct and circumstantial evidence as narrated convinced them of appellant's guilt of passing these forged instruments beyond a reasonable doubt. T.R.A.P. 13(e). More nor less is required.

■ Conversely, the State submits that there was sufficient evidence to find the appellant guilty beyond a reasonable doubt as to Count Six (Check No. 1189) and Count Eight (Check No. 1191); therefore, it was error for the trial judge to set the jury verdict aside as to these convictions. The evidence reflects that appellant's name, which was endorsed on the backs of both of these checks, was also endorsed on the other four. The appellant's name as payee was not only on both of these checks but also on the other checks involved and all the checks were passed on the same date. Additionally, the Tennessee License No. 3377573 on Check No. 1191 was the same license number on Check No. 1195. The evidence clearly shows and would support the jury inferring that these two checks were but a part of a common scheme and plan of appellant's. The evidence considered in its entirety did convince the jury not only to those two counts but as to all counts, that the appellant was the passer. In short, the circumstantial evidence relating to the passing of the checks conclusively established the appellant's identity as the passer in all. *Carroll v. State*, 212 Tenn. 464, 477, 478, 370 S.W.2d 523 (1963); D. Paine, Tennessee Law of Evidence, §§ 3 and 4, pp. 4 and 5 (1974); hence, the evidence was sufficient to sustain the verdicts in Counts Six and Eight.

■ In summation, we are in respectful disagreement with the trial court in his granting appellant's motion for a judgment of acquittal in Counts Six and Eight, Check Nos. 1189 and 1191. While the State has a right to appeal from the judgment of acquittal, Tenn.R.Crim.P. 29(c) and T.R.A.P. 3(c)(2), we are satisfied that there can be no

retrial of appellant on the two counts without offending his constitutional double jeopardy guarantees. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 1357, 51 L.Ed.2d 642 (1977). Our Supreme Court in its wisdom in recommending the proposed rules to the legislature would not have given the State a right as here without an accompanying remedy. As our late Chief Justice Henry said in a somewhat analogous situation, "... it is unthinkable that the State should lose a major criminal case on an interlocutory ruling at the trial level with no right to review." *State v. Johnson,* 569 S.W.2d 808, 811 (Tenn.1978). Consequently, we are obliged to set aside the trial court's judgment of acquittal on Counts Six and Eight and remand these counts so that the error can be corrected by the trial court entering a judgment of conviction upon the jury verdict. *United States v. Jenkins,* 420 U.S. 358, 365, 95 S.Ct. 1006, 1011, 43 L.Ed.2d 250 (1975).

The judgment of the trial court on the four convictions is affirmed. The judgment of the trial court to set aside appellant's conviction on Counts Six and Eight and granting his motion for judgment of acquittal is reversed with remand for entry on both verdicts of a judgment of conviction.

TATUM and CORNELIUS, JJ., concur.