**STATE of Tennessee, Appellant,**

v.

**Leonard Donald SMITH, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Aug. 12, 1985.

Wayne E. Uhl, Asst. Atty. Gen., Nashville, for appellant; William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, of counsel.

Conrad Finnell, Cleveland, for appellee.

## OPINION

PER CURIAM.

Defendant was indicted and went to trial on the charge of murder in the first degree. The trial judge granted defendant's motion for judgment of acquittal on the principal offense of murder in the first degree, but submitted the case to the jury on the lesser included offenses of voluntary manslaughter and involuntary manslaughter. The jury found defendant guilty of involuntary manslaughter.

Defendant filed a motion for a new trial on January 1, 1982, within thirty days of the jury verdict. On May 27, 1982, the trial judge entered an order that recited that a term and a motion day had passed without action on the part of defendant to dispose of his motion and that it was therefore overruled.

On June 14, defendant filed a motion, "To Set Aside Order Overruling Motion for A New Trial" on the grounds that it was done without notice to defense counsel and without a hearing. The next, last and only other entry in the technical record is an "Order Granting Defense Motion for Judgment Not Withstanding the Verdict and Dismissing the Case With Prejudice."

Therein it was recited that a hearing was held on June 12 on defendant's motion N O V, that the only defense was self-defense, the defendant's statement introduced by the State that he "shot the deceased intentionally after the deceased came towards him with the ax handle and that he did so out of fear of great bodily harm to himself," eliminated any element of accidental or unintentional shooting, and thus the conviction for involuntary manslaughter could not stand; that on the authority of *Hughes v. State*, 3 Tenn.Cr.App. 602, 465 S.W.2d 892 (1970), which was not called to the

judge's attention during trial, he should not have submitted the lesser included offenses to the jury. There was nothing in the defendant's statement to support the above quote from the order of dismissal and defendant neither testified nor offered any proof.

The Court of Criminal Appeals held that *Hughes v. State, supra,* provided no authority for the action of the trial judge, analyzed the evidence, concluded that the defendant's plea of self-defense was a jury issue and the jury's conviction for involuntary manslaughter was a rejection of that plea. The intermediate court then invoked the principle that conviction of a lesser included offense will be upheld even if the evidence does not establish all of the technical elements of that crime, if the evidence established his guilt of the greater crime, citing *State v. Mellons,* 557 S.W.2d 497 (Tenn.1977); *Craig v. State,* 524 S.W.2d 504 (Tenn.Crim.App.1974); *McDonald v. State,* 512 S.W.2d 636 (Tenn.Crim.App. 1974); and *Howard v. State,* 506 S.W.2d 951 (Tenn.Crim.App.1973).

However, the Court of Criminal Appeals held that the trial judge had not performed his function as thirteenth juror, and that there was no valid verdict for the appellate courts to reinstate, but there was no bar to retrial because the trial judge's action was not based on insufficiency of the evidence. The case was remanded for a new trial on the lesser offense of involuntary manslaughter.

■■■ A motion for judgment notwithstanding the verdict is unknown to the rules and practice of criminal law. The only motion that could bring about the result reached by the trial judge is a motion for judgment of acquittal, T.R.Crim.P. 29. As a post-trial motion, it must be filed within thirty days of the verdict. In this case, no motion that could be treated as a Rule 29 motion was filed at any time. We have assured ourselves that there was no omission in this record by ordering the Clerk of the Criminal Court of McMinn County to supplement the record if any motions or orders existed that were not included in the record filed in the appellate courts. The clerk has responded that no additional motions or orders were filed. However, like the Court of Criminal Appeals we are not content to predicate the decision of this case on procedural grounds.

■■■ The first plain error committed in the trial court was in granting defendant's motion of acquittal of the primary charge of murder in the first degree, necessarily based upon his judgment that defendant's plea of self-defense had been established, as a matter of law. The victim and defendant were well known to each other. The victim was a cripple, his left foot had been crushed in an automobile accident and his left leg was three quarters of an inch shorter than his right. He was not as tall and not as heavy as defendant. He had been drinking on the night of the homicide and went to defendant's house apparently to air a grievance. There was a dispute as to whether the sole weapon he had should be characterized as a mere walking stick or a "heavy club." There was evidence that when the fatal shot was fired defendant was standing on his front stoop armed with a shotgun, and the victim was standing in defendant's front yard at a distance too far away from defendant to pose any reasonable threat to defendant's life, regardless of whether he was carrying a walking stick or a heavy club. Beyond any shadow of doubt, the State presented a case of first degree murder that should have been allowed to go to the jury and the evidence was such that a reasonable trier of fact could have found defendant guilty of that offense beyond a reasonable doubt.

■■■ We also agree with the Court of Criminal Appeals that the rule of *State v. Mellons, supra,* applies, that defendant will not be heard to complain of conviction of a lesser included offense when he could have been convicted of a higher degree of homicide.

We disagree that the appellate courts are powerless to correct the error of the trial court because of the thirteenth juror rule. We have recently reaffirmed *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978) and *Overturf v. State*, 571 S.W.2d 837 (Tenn.1978), limiting the trial judge's function, in a criminal case, to a determination of whether the evidence is legally sufficient to support the verdict of the jury.

In *State v. McMahan*, 614 S.W.2d 83 (Tenn.Crim.App.1981) defendant was convicted of six counts of passing a forged instrument. Defendant timely filed a motion for a new trial and a motion for judgment of acquittal, pursuant to T.R.Crim.P. 29. The trial judge granted defendant's motion for judgment of acquittal with respect to two of the six counts. The Court of Criminal Appeals held that the evidence established that defendant was the passer of all the checks and the trial judge was in error in granting defendant's motion for judgment of acquittal as to two of the six counts the jury had found him guilty of. The Court of Criminal Appeals held that this Court, in adopting rules allowing the State to appeal from the granting of a Rule 29 motion, would not have given such a right, "without an accompanying remedy," for the correction of the trial court's error. Thus, the trial court's judgment of acquittal was set aside and the case remanded so that the error could be corrected by the trial court's entry of a judgment of conviction on the jury verdict. This Court denied permission to appeal in *McMahan* and we agree that such trial court errors may be cured in that manner.

As we have indicated, the trial judge's action here was, in effect, the granting of a judgment of acquittal under T.R.Crim.P. 29. That action was erroneous and we reverse and remand with direction to enter a judgment of conviction upon the jury verdict finding defendant guilty of involuntary manslaughter.

Costs are adjudged against defendant.