**STATE of Tennessee, Appellee,**

v.

**Bernard WILLIAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 25, 1981.

Permission to Appeal Denied by Supreme Court Oct. 13, 1981.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, James C. Beasley, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

Leslie I. Ballin, Memphis, for appellant.

## OPINION

CORNELIUS, Judge.

Convicted of robbery and sentenced to imprisonment for not less than five nor more than seven years, Bernard Williams appeals. He presents three issues:

1. The sufficiency of the evidence.
2. The verdict being excessive.
3. Error in allowing Sgt. Hollie to testify concerning the address Bernard Williams gave when surrendered to the Memphis Police Department.

On December 23, 1979, at approximately 4:25 p.m., Franklin Sanders, an assistant manager of a McDonald's Restaurant in Shelby County, reported for work. As he was beginning his routine duties, two men came in and one of them said "open the drawer. I looked up and he had a shotgun." Sanders proceeded down the counter opening the registers followed from the opposite side by the man with the gun. The second individual was taking the money from the opened registers placing it in a plastic bag. After the cash registers were opened by Sanders, the man with the gun came around the counter into the "drive-thru". He took the large bills from the cash drawer. The gun bearer then removed the drawers from each register and pulled out the currency from underneath.

Sanders' description of the individuals, as given to the police, was that "the man with the gun was about six feet tall, black, around twenty years old, thin-built, wearing a long dark coat and dark cap. The other individual was shorter, about five-four, about one hundred twenty, a hundred thirty, about eighteen or nineteen and had on some dark clothes." Without objection, Sanders identified Williams and his co-defendant in the courtroom as the two robbers. He also identified a cap with a snap down bill and a long dark coat as being the same worn by the gunman. The presented coat was wrinkled and had mud on it.

Deputy Sheriff Carl Herring testified he became involved in an automobile chase of a yellow Pinto as a result of a radio broadcast involving a hold-up at McDonald's on East Parkway. The Pinto wrecked at the intersection of Cummings and Walker. Two occupants left the vehicle and ran in different directions. Deputy Herring pursued on foot the one who had left from the driver's side of the Pinto. The subject wore dark slacks and a long dark coat. The foot chase ended at or near the expressway of 240 Cummings. The subject was trying to get through the fence. When the Deputy pointed his shotgun at the subject, he refused the command to get face down on the ground. The ground at this point was wet and muddy. However, after a scuffle, the Deputy was able to handcuff and take him into custody. He gave his name as Terry Levone Webster. He was carrying a plastic bag that contained loose change, bills and rolled change. The pockets of the subject's long coat contained loose bills, loose change

and rolled change. Deputy Herring counted the money which amounted to $526.48. (There was some loose change recovered from the Pinto.)

Officer Herring identified the co-defendant Webster in the courtroom as the man he arrested on December 23, 1979. He identified a photograph of the Pinto and its license number as 1JJ747. This was the same license number that had earlier been broadcast.

Officer E. L. Smith, of the Memphis Police Department, also had joined the chase. When he saw Deputy Herring run after one of the male blacks that had jumped out of the vehicle, he pursued the other. He ordered his subject to stop but he refused and Smith fired an ineffective shot. The subject disappeared. Officer Smith was required to make a "shoot report" wherein he described the subject as "male black, unknown age, five foot eight inches to five foot ten inches tall, one hundred sixty pounds, which would be about medium build. And, having a medium to short afro, wearing a light to medium brown corduroy three quarter length coat, blue jeans and no shoes." (Subject lost his shoes while running from the Pinto.)

Through the testimony of Ray Kenny, an employee of the Shelby County Clerk's office, the jury was told that license number 1JJ747 was issued to a yellow, two-door, 1972 Ford Pinto registered to Crister L. Williams of 475 Fernwood.

Over the objection of the defense, and following a jury out hearing, Sergeant Hollie, of the Memphis Police Department, was allowed to testify before the jury that when Bernard Williams was arrested, his attorney surrendered him to the Memphis Police Department. Williams advised Sergeant Hollie that he lived at 475 Fernwood.

At the close of the State's proof, the defense moved for a judgment of acquittal upon the ground that the only evidence was Franklin Sanders' identification of Williams as one of the robbers. The State argued that the registration of the Pinto and Williams' address being one and the same was circumstantial evidence which supported Sanders' identification. The trial court overruled the motion, ruling there was ample proof to submit the case to the jury.

Both defendants rested their defense without offering proof.

■ This Court has repeatedly held that the question of identification of the defendant as the person who committed the crime for which he is on trial is a question of fact for the determination of the jury, upon consideration of all the competent proof. *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Cr.App.1978) cert. denied 1978. The victim's testimony alone was sufficient. *State v. McMahan*, 614 S.W.2d 83 (Tenn.Cr.App. 1981) perm. to appeal denied 1981.

■ Moreover, the weight and credibility of the testimony of a witness, and the reconciliation of conflicts in testimony, if any, are matters entrusted exclusively to the jury as triers of fact. *Byrge v. State*, supra.

■ Under the facts in this record there is sufficient evidence, exclusive of Williams' home address, for a rational trier of facts to find Williams guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Rule 13(e), Tennessee Rules of Appellate Procedure.

■ Williams' issue as to his sentence being excessive is without merit. *Dukes v. State*, 578 S.W.2d 659 (Tenn.Cr.App.1978) cert. denied 1979.

Appellant's third issue is that the trial court erred in allowing Sergeant Hollie to testify concerning the address Williams gave when he was surrendered by his attorney to the Memphis Police Department. Appellant claims a violation of his Fifth Amendment right against compulsory self-incrimination. During the course of the State's proof, the District Attorney asked Hollie if he obtained any information from Williams regarding his residence when he was surrendered by his attorney. An objection was timely made and a jury out hearing conducted.

Williams had been implicated in the robbery by his co-defendant. Attorney Don Dino contacted Sergeant Hollie and arranged to surrender Williams on the 2nd of January. Dino accompanied Williams. Hollie advised Williams of his rights. Dino told Hollie that Williams did not wish to make a statement. Hollie was not sure if Dino stayed with Williams until the arrest ticket was completed. The arrest ticket contained the subject's name, address, date of birth, height, weight, location of arrest and charge. Williams supplied the answers.

■ Following the hearing, the trial court allowed the question. The address of 475 Fernwood, as given to the jury, was the same as listed on the Pinto registration to Crister L. Williams. The trial court found that "*Miranda*" did not prohibit Hollie from asking such personal information as name, age and address. We agree.

Wharton's Criminal Procedure, 12th Edition, Section 392, Non-testimonial Evidence, at page 24, states:

"... disclosure of name and address is an essentially neutral act. (Footnote citing *California v. Byers,* 402 U.S. 424, 91 S.Ct. 1535 [29 L.Ed.2d 9], requiring a motorist involved in an accident to give his name and address.)

The arrest ticket filled out by Sergeant Hollie did not require a statement as contemplated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Absent some officially coerced self-accusation, the Fifth Amendment privilege is not violated by even the most damning admissions. Accordingly unless the record reveals some compulsion, defendant's statement of his place of residence cannot conflict with any constitutional guarantees of the privilege. *United States v. Washington,* 431 U.S. 181, 187, 97 S.Ct. 1814, 1818–19, 52 L.Ed.2d 238. Nor, is an arrest ticket a "statement" under Rule 16, Tennessee Rules of Criminal Procedure.

The judgment below is affirmed.

DAUGHTREY and TATUM, JJ., concur.