# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1999

FILED

March 09, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9803-CR-00061 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. James C. Beasley, Jr., Judge |
| DEVON M. CRAWFORD, | ) | |
| | ) | (Especially Aggravated Robbery; |
| Appellant | ) | Aggravated Robbery) |

For the Appellant:

**W. Mark Ward**
Asst. Public Defender
Suite 2-01, 201 Poplar Avenue
Memphis, TN 38103

**A C Wharton**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Peter M. Coughlan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**James A. Wax**
Asst. District Attomey General
Criminal Justice Complex
Suite 301, 201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Devon M. Crawford, appeals two separate convictions entered by the Criminal Court of Shelby County for especially aggravated robbery, a Class A felony, and aggravated robbery, a Class B felony.[1] The trial court imposed consecutive sentences of twenty-five years for the especially aggravated robbery and eleven years for the aggravated robbery. In his appeal as of right, the appellant raises the identical issue in challenging the separate convictions of whether the evidence of the appellant's identity was sufficient to support a guilty verdict beyond a reasonable doubt.

After a review of both records, we affirm the judgments of conviction entered by the trial court.

I. Especially Aggravated Robbery

On December 14, 1996, after returning from his sister's graduation, Edward Puckett, the nineteen year old victim, left his house to exercise around 10 p.m. As Puckett was walking down Brower Avenue in Memphis listening to his headphones, he turned around and noticed a vehicle behind him on the opposite side of the street. The area was well-lit with street lights and Christmas lights from the surrounding houses. Puckett also noticed a black man on the street about thirty-five feet away gesturing and "saying something." Puckett removed his headphones to hear what the man was saying. The man stopped talking, so Puckett turned away from the man and the vehicle. Immediately after turning around, Puckett was shot in the back and fell to the ground on his back. Then, the vehicle pulled alongside the

---

[1] We note that these cases arose from two separate indictments, trials, judgments of conviction, and motions for new trial. The appellant did not move to consolidate these cases nor does the record contain an order from this court consolidating these cases for purposes of this appeal pursuant to Tenn. R. App. P. 16(b). However, in the interest of expediting the appeals of these matters, the rules are suspended under Rule 2, Tenn. R. App. P. and we elect to address both cases on their merits.

victim. A black man exited the vehicle, held a gun to his head, and said, "give me your wallet." Unable to quickly retrieve his wallet, the victim told his assailant that the wallet was in his front pocket. When the assailant proceeded to get the wallet from the victim's pocket, he was only inches from the victim's face. The wallet contained $15, photographs and a driver's license. Then, the assailant got back into the passenger's side of the vehicle and left the scene. A resident of Brower Avenue who heard the gunshot called 911 and delivered assistance to the victim. As a result of the shooting, the victim spent a month in the hospital and is presently confined to a wheelchair.

At various times over the following weeks, the police had the victim view five different photographic lineups in an effort to identify the robber. The victim did not identify anyone from those photographs. However, when he was shown the sixth array, he confidently identified the appellant as the person who robbed him. Moreover, the victim made an in-court identification of the appellant.

The appellant testified and denied any involvement in the crime. The jury retired and returned a verdict of guilty for especially aggravated robbery.

## II. AGGRAVATED ROBBERY

On December 26, 1996, Vicki Robertson, the victim in the second case, had stopped at Walgreens located at Central Avenue and Hollywood Boulevard in Memphis around 6:30 p.m. As Ms. Robertson was getting into her car, she saw a black male running towards her. She quickly locked the doors before he approached her vehicle. The assailant brandished a gun outside her driver's seat window and began breaking the glass. He then placed the gun to her head screaming, "[g]ive me your purse, bitch" and "[d]on't be a hero, bitch." When she

reached over to get the money from her purse, the assailant leaned into the car and took the money continuing to hold the gun on her. While fleeing the scene, he screamed, "[a]ll this shit for $21." The crime was reported to the police.

A few days later, Ms. Robertson saw the picture of her assailant on the front page of the *Commercial Appeal.* Immediately, she called the police department and identified the appellant, the man in the newspaper, as the person who robbed her. The following day the police displayed to Ms. Robertson a photographic array from which she identified the appellant. Again at trial, she identified the appellant as the person who robbed her.

The defense presented no evidence. The jury returned a verdict of guilty for aggravated robbery.

## III. SUFFICIENCY OF THE IDENTIFICATION

For both convictions, the appellant challenges the sufficiency of the convicting evidence identifying him as the perpetrator of the robberies. Specifically, he contends the identifications of the appellant in each case were only made by <u>one</u> person rendering the identifications "untrustworthy " and "insufficient." A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. <u>State v. Harris</u>, 839 S.W.2d 54, 75 (Tenn. 1992), <u>cert.</u>

4

denied, 507 U.S. 954, 113 S.Ct. 1368 (1993). Viewing the evidence under these criteria, it is this court's responsibility to affirm the conviction if the proof was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743 (1995); Tenn. R. App. P. 13(e).

In State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993), this court held that the testimony of a victim identifying the perpetrator is sufficient in and of itself to support a conviction. See also State v. Shelton, No. 01C01-9505-CC-00144 (Tenn. Crim. App. at Nashville, Mar. 22, 1996), perm. to appeal denied, concurring in results only, (Tenn. Nov. 12, 1996). Moreover, the credibility of eyewitness testimony identifying the accused as the perpetrator of the criminal offense for which he stands trial is a question of fact for the determination of the jury upon consideration of all competent proof. Strickland, 885 S.W.2d at 87 (citing State v. Crawford, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982)); see also State v. Williams, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981).

In the first case, the proof clearly established the opportunity the victim had to observe his assailant. The appellant was only inches away from Puckett's face when his wallet was removed from his pocket. The victim noted, "the details of his face." To his credit, Puckett viewed five different photographic lineups consisting of thirty individuals before identifying the appellant on the sixth array amongst five other individuals. No misidentification was ever made. Moreover, he was certain of his in-court identification.

With regard to the second case, the assailant was face to face with Ms. Robertson when he held a gun to her head giving her a perfect opportunity to view her assailant. Several days later, she recognized the appellant from the newspaper.

5

The very next day she identified the appellant in the photographic lineup as the perpetrator of the robbery. She also expressed no reservations regarding her in-court identification of the appellant. Therefore, we conclude that the evidence is sufficient for a rational trier of fact to find the appellant guilty beyond a reasonable doubt for both convictions. This issue is without merit.

Accordingly, the judgments of the trial court are affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
JOHN EVERETT WILLIAMS, Judge