IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2002

## STATE OF TENNESSEE v. JOSEPH WHITE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-02924     W. Fred Axley, Judge**

_____

**No. W2001-01775-CCA-R3-CD  - Filed June 5, 2002**

_____

The Appellant, Joseph White, was convicted by a Shelby County jury of rape and was sentenced to eight years in the Tennessee Department of Correction.  On appeal, he argues that the evidence presented at trial was insufficient to support his conviction.  After review, we find no error and affirm the judgment of conviction.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Garland Erguden, Assistant Public Defender; A C Wharton, Jr., Shelby County Public Defender, Memphis, Tennessee, for the Appellant, Joseph White.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On October 13, 1999, at approximately 10:45 p.m., the victim, Marcia Eason, went to the Appellant's home to obtain toilet tissue for her seven-year-old niece. The victim and the Appellant were neighbors. When she asked the Appellant for toilet paper, he directed her to the bathroom. As the victim walked into the house, the Appellant began groping her breasts. The victim told the Appellant to stop and he complied. The victim continued to walk to the bathroom unaware that the Appellant was following close behind. The victim grabbed some toilet paper from the bathroom and turned to leave but the Appellant was blocking the doorway. The victim described what took place next as follows:

And then he went to grabbing on me. And then I was like let me go. I got to go because she is on the commode waiting on the tissue. And then he just starts just struggling with me and we just struggling . . . [he was grabbing] on my breast. All over. Just was grabbing me. I told him to quit . . . He was touching my breasts, and I was telling him - I said: Don't do that. Like that. He was like: What you want me to do? You want me to take it? I said: No. I was - at that time we was struggling . . . I was trying to get away from him. And somehow he struggled me to the floor. And he ran his hand up my shorts. And he stuck his finger in my vagina.

The victim continued to resist, falsely telling the Appellant she had syphilis so he would let her go. The Appellant then made the victim stand up and continued groping her. As the victim began screaming and beating on the bathroom window, the Appellant grabbed her by the arm and stated, "Ain't nobody going to hear you . . . you break my window, I'm going to slap the shit out of you." During the assault, the victim vomited in the bathroom.

The victim was eventually able to get away from the Appellant and return home. She contacted law enforcement officers who took photos of the bruises on her arm and her torn clothing. As officers were arresting the Appellant, they found a paper bag containing vomit in the bathroom and damaged blinds on the window. In his statement to officers, the Appellant admitted touching the victim's breasts and vaginal area but denied that any type of penetration took place. He further stated that he was not trying to have sexual intercourse with the victim and finally left her alone because she told him she had syphilis. At trial, however, the Appellant provided a different scenario than that previously given to the police:

Well, she had knocked on the door, and I opened the door. She ask me for some tissue. And I told her it was in the bathroom. And as I was standing there waiting for her to come out of the bathroom, I was wondering what was taking her so long so I went back there. I said: What are you doing? And I don't know the lady start hollering and screaming, and she was beating on my door and the window. Bam. Bam. Hollering and screaming. And I grabbed her by her arm. And I told her, if you break my window, I'm going to slap the shit out you. And that was it. She cooled off. We walked out the door. She was telling about she had syphilis or something. And I was wondering what that got to do with, you know, to what she doing and - as soon as she left.

The Appellant further testified at trial that he did not touch the victim's breasts or vaginal area on that particular night, maintaining that he thought the officer's questions were referring to a different occasion.

# ANALYSIS

## Sufficiency of the Evidence

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993).

The Appellant argues that the evidence presented at trial was insufficient to support his conviction for rape. Specifically, he asserts that "the only independent proof - the bruise on [the victim's] arm and her torn blouse - supports no charge greater than assault." Rape as charged in the indictment in this case is defined as the unlawful sexual penetration of a victim by the defendant through the use of force. Tenn. Code Ann. § 39-13-503(a)(1). Sexual penetration includes, "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Tenn. Code Ann. § 39-13-501(7).

In the present case, the victim testified that she went to the Appellant's home to obtain toilet tissue. After entering his bathroom, the Appellant blocked the doorway and began sexually groping her. A struggle ensued and the victim was forced to the ground where the Appellant persisted to digitally penetrate her vagina. After falsely telling him that she had syphilis, the Appellant eventually allowed the victim to leave. When officers arrived at the scene, they found bruising on the victim and noticed that her clothing was torn. Further investigation revealed torn blinds and vomit in the bathroom of the Appellant's residence. While denying that digital penetration occurred, the Appellant did admit in his statement to police that he touched the breasts and vaginal area of the victim. Later, at trial, the Appellant denied that sexual contact of any kind took place on that particular night. The jury, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). Moreover, this court has previously held that a conviction based upon the victim's testimony alone is sufficient. *State v.*

*Williams*, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981). The jury here obviously accredited the victim's account of the events which transpired that night, as is their prerogative.

## CONCLUSION

After review, we find that the evidence presented at trial, taken in the light most favorable to the State, supports the Appellant's conviction for rape. Thus, we affirm the judgment of the Shelby County Criminal Court.

_____
DAVID G. HAYES, JUDGE