IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2003

**STATE OF TENNESSEE v. SHUN D. JONES**

**Appeal from the Criminal Court for Shelby County**
**No. 00-04543-44      Bernie Weinman, Judge**

---

**No. W2001-01313-CCA-R3-CD  - Filed August 19, 2003**

---

The Appellant, Shun D. Jones, was convicted by a Shelby County jury of two counts of rape and was sentenced to twenty years in the Tennessee Department of Correction. On appeal, he argues that the evidence presented at trial was insufficient to support the verdict. After review, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Charles Waldman, Memphis, Tennessee, for the Appellant, Shun D. Jones.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille McMullen, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The proof at trial, in the light most favorable to the State, reveals that, in July of 1999, the twelve-year-old[1] victim, B.G.,[2] went to the grocery store with her uncle, Lacy Gordon, two other children, and the Appellant. Before reaching the store, the group stopped by the Appellant's

---

[1]We note that, although the victim testified that she was twelve years old at the time of these offenses, the Appellant was indicted only on charges of rape and aggravated rape accomplished with a weapon.

[2]In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials. *State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

mother's house. After arriving at the residence, the Appellant instructed Gordon to take the other children to visit the "candy lady," a neighborhood woman who sold candy out of her home. Gordon left with the other two children, and the Appellant then told the victim to go inside the house. Once inside, the Appellant began trying to take off the victim's clothes. When she resisted, the Appellant pointed a handgun at her head, ordered her to lay on the couch, and "opened [her] and put his penis in [her] privates." When Gordon and the other children returned, the Appellant "pulled up his clothes and left out the house." The group then got into the car and proceeded to the store.

On August 7, 1999, the Appellant and Gordon visited the victim's apartment. The Appellant fell asleep on the couch in the living room. Gordon tried to wake up the Appellant in order for the two men to go meet with a friend. Gordon was unsuccessful in his efforts. Then, Gordon instructed the victim to lock the door and left the apartment. After locking the door, the victim noticed the Appellant standing behind her. The Appellant demanded that the victim take off her clothes and proceeded to rape her again. He stopped when Gordon returned.

Thereafter, the victim was taken to Memphis Sexual Assault Resource Center, where a forensic exam was performed. A vaginal swab was obtained during the examination and blood samples were taken from the victim and the Appellant. DNA tests on the collected evidence revealed that the "probability of obtaining this mixed profile from unrelated individuals from: The African-American population is approximately 1 in 26,000. The Caucasian population is approximately 1 in 52,000."

On April 27, 2000, the Appellant was indicted for Count I, rape "on August 7, 1999," and Count II, aggravated rape "during the period of time between July 1, 1999 and August 6, 1999." After a trial by jury the Appellant was found guilty as charged in Count I and guilty of the lesser included offense of rape in Count II. Following a sentencing hearing, he received concurrent twenty-year sentences. This timely appeal followed.

## ANALYSIS

The Appellant argues that the evidence was insufficient to support his two convictions for rape. Specifically, he contends that the victim's testimony was not sufficiently corroborated to support the convictions. Furthermore, he asserts that the expert testimony concerning the physical evidence was not reliable because the

> probabilities are not being applied to the actual Memphis population, they are simply being generally reported. . . . Further analysis would have revealed a probability that does not satisfy the burden beyond a reasonable doubt. . . . Simply put, there are 8 African American males in Shelby County who could have left this mixture of genetic material on the alleged victim[, and] . . . there are 4 Caucasian males in Shelby County who could have left this mixture of genetic material on the alleged victim.

-2-

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In the present case, in order to convict the Appellant of rape, the State was required to prove that: (1) the Appellant had unlawful sexual penetration of the alleged victim; (2) force or coercion was used to accomplish the act; and (3) the Appellant acted either intentionally or knowingly. Tenn. Code Ann. § 39-13-503(a)(1) (1997); 7 TENNESSEE PRACTICE, TENNESSEE PATTERN JURY INSTRUCTIONS - CRIMINAL §10.02 (Comm. of the Tenn. Judicial Conference 5th ed. 2000). Sexual penetration includes, "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required[.]" Tenn. Code Ann. § 39-13- 501(7) (1997).

The victim testified that, in July of 1999, the Appellant took her to his mother's house. He arranged for the two of them to be alone. When the victim resisted his advances, the Appellant pointed a handgun at her head, ordered her to lay on the couch, and "opened [her] and put his penis in [her] privates." The victim also testified that, on August 7, 1999, the Appellant "opened [her] legs" and raped her. This court has previously held that a conviction based upon the victim's testimony alone is sufficient. *State v. Williams*, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981). However, the victim's testimony was sufficiently corroborated by DNA testing. The forensic exam, performed on August 7th, revealed a high probability that the genetic mixture found on the vaginal swab was that of the Appellant and the victim. The Appellant's argument that the numbers are misleading is simply misplaced. In fact, the numerical argument as presented by the Appellant reflects an even greater likelihood of guilt. Moreover, this statistical argument was not presented to the jury, and this court may only consider those facts established by the evidence in the trial court and set forth in the record. Tenn. R. App. P. 13(c). A verdict of guilty accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. *Cazes*, 875 S.W.2d at 259; *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The jury here obviously accredited the victim's account of the events, which transpired on these two occasions as is their prerogative.

The Appellant has had his day in court and this court will not and cannot substitute its judgment for that of the finder of fact and arbiter of credibility. *Cabbage*, 571 S.W.2d at 835. Accordingly, this issue is without merit.

## CONCLUSION

After review, we find that the evidence presented at trial, taken in the light most favorable to the State, supports the Appellant's convictions for rape. Thus, we affirm the judgment of the Shelby County Criminal Court.

_____

DAVID G. HAYES, JUDGE