IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2004

## STATE OF TENNESSEE v. SYRUS MAURICE COLEMAN

**Direct Appeal from the Circuit Court for Dyer County**
**No. C03-228     Lee Moore, Judge**

_____

**No. W2004-01674-CCA-R3-CD  - Filed May 20, 2005**

_____

A Dyer County jury convicted the defendant, Syrus Maurice Coleman, of possession of .5 grams or more of cocaine with the intent to sell or deliver, a Class B felony.  The trial court sentenced the defendant as a multiple offender to fourteen years in the Department of Correction.  On appeal, the defendant argues that the evidence is insufficient to support his conviction.  Upon our review of the evidence, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Thomas T. Woodall and James Curwood Witt, Jr., JJ., joined.

Noel H. Riley, II, Dyersburg, Tennessee, for the appellant, Syrus Maurice Coleman.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Facts**

The following proof was presented at trial.  Jim Joyner, an investigator with the Dyersburg Police Department, testified that on April 23, 2003, he received a call from police dispatch advising him to be on the lookout for the defendant and a maroon Chevrolet Cavalier.  While patrolling the area south of Dyersburg, Investigator Joyner observed the Cavalier parked in front of a Budget Motel room.  After pulling into the motel's parking lot, Investigator Joyner saw a black male sitting in the passenger side of the Cavalier and identified him as Quincy Johnson.  Investigator Joyner stated that he placed Johnson under arrest because of outstanding warrants issued against Johnson.  While in the process of placing Johnson under arrest, Investigator Joyner observed the defendant walk out of the motel room behind where the Cavalier was parked.   Upon seeing the defendant, Investigator Joyner told the defendant to stop and that he was under arrest.  The defendant responded by pacing

back and forth from the side of the Cavalier to the rear of the Cavalier. At this time, Investigator Joyner drew his weapon and again advised the defendant to stop. In response, the defendant walked around the back of the Cavalier, threw something on the ground, and took off running. Investigator Joyner testified that the defendant was later apprehended.

Investigator Joyner testified that, after the defendant ran away, he secured Johnson, called for additional officers, and recovered the object discarded by the defendant. According to Investigator Joyner, the discarded object appeared to be a rock of crack cocaine in a white plastic bag. Investigator Joyner testified that he had been involved with over five hundred cocaine cases and was familiar with cocaine's appearance and street value. Investigator Joyner explained that an average amount of crack cocaine sold on the street was .1 grams. Investigator Joyner testified that this amount sold for twenty dollars. In reference to previous testimony authenticating the object as a rock of crack cocaine weighing 5.1 grams, Investigator Joyner stated that the street value of this rock of cocaine would be approximately one thousand dollars.

Investigator Joyner testified that he was unable to obtain fingerprints from the cocaine's cellophane packaging. Investigator Joyner further testified that his view of the area was illuminated from a street light located in the motel parking lot and the headlights from his vehicle.

The defendant testified that he was not present at the Budget Motel with drugs on the night Investigator Joyner claimed to have seen and identified him. Quincy Johnson testified as a rebuttal witness for the State. He recalled that the defendant drove the Cavalier to the Budget Motel on April 23, 2003. The jury convicted the defendant of possession of .5 grams or more of cocaine with the intent to sell and deliver.

## II. Analysis

On appeal, the defendant argues that the evidence is insufficient to support his conviction. Our review begins with the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this Court why the evidence will not support the jury's verdict. State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "reasonable trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003); Tenn. R.App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. Carruthers, 35 S.W.3d at 558; Tuggle, 639 S.W.2d at 914. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this Court. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or

re-evaluate the evidence.  State v. Reid, 91 S.W.3d 247, 277 (Tenn. 2002); Bland, 958 S.W.2d at 659.

The defendant bases his sufficiency argument upon the fact that Investigator Joyner's testimony was the only evidence identifying the defendant as the person who dropped the crack cocaine.  The defendant argues essentially that Investigator Joyner's testimony is unreliable and not corroborated.   In making his argument, the defendant asserts that Investigator Joyner's testimony identifying the defendant as the culprit was inconsistent with his testimony indicating limited light in the area and the fact that he was occupied with securing Quincy Johnson during the same time he claimed to have observed the defendant drop the cocaine.   The defendant further asserts that there was ample opportunity for Quincy Johnson to have placed the cocaine in the location where it was found.

Looking at the evidence in a light most favorable to the State, we conclude that the identification evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that the defendant committed the offense.  Investigator Joyner's testimony clearly indicated that it was the defendant who dropped the 5.1 grams of cocaine on the ground before running off.  Investigator Joyner's testimony was corroborated by Quincy Johnson's testimony that the defendant drove him to the Budget Motel in a Cavalier on April 23, 2003.  It is well-established that the identification of a defendant as the perpetrator of the criminal offenses is a question of fact for the jury.  See State v. Vaughn,  29 S.W.3d 33, 40 (Tenn. Crim. App. 1998); State v. Phillips, 728 S.W.2d 21, 25 (Tenn. Crim. App. 1986).  In addition, the weight and credibility of the testimony of a witness and the reconciliation of conflicts in testimony, if any, are matters entrusted exclusively to the jury.  State v. Williams,  623 S.W.2d 118, 120 (Tenn. Crim. App. 1981).  With respect to the defendant's argument, it is apparent from their verdict that the jury accredited the testimony of the State's witnesses over the testimony of the defendant.  Accordingly, this issue is without merit.

_____
J.C. McLIN, JUDGE

-3-