IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2007

## STATE OF TENNESSEE v. BOBBY DIOR MCMILLIAN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-D-3202     J. Randall Wyatt, Jr., Judge**

---

**No. M2006-02593-CCA-R3-CD - Filed May 19, 2008**

---

The defendant, Bobby Dior McMillian, was convicted of aggravated robbery, a Class B felony, and sentenced to eleven years in the Department of Correction. On appeal, he argues that the evidence was insufficient to support the conviction and that the trial court sentenced him improperly. After careful review, we conclude that no error exists and affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Ross E. Alderman, District Public Defender; Jeffrey A. DeVasher (on appeal) and Tyler C. Yarbro (at trial), Assistant Public Defenders, for the appellant, Bobby Dior McMillian.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Kyle Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant and two additional individuals robbed the victim at gunpoint on August 10, 2005. The robbery took place in a well-lit area, and the victim was able to accurately describe the gunman. The victim testified that the defendant held a sawed-off shotgun on him and directed the other two robbers to take the victim's wallet, cellular telephone, and car keys, which gave the victim the impression that the defendant was the leader. A few days after the robbery, the victim saw the defendant in his neighborhood. He identified him from a photo line-up and in open court.

The police were unable to recover any fingerprints or other forensic evidence directly indicating any suspect. Officer Kenneth Wolfe was the first officer on the scene and testified that the victim was "pretty shook up." The victim's mother testified that her son was frightened when he arrived at her home and asked her to call the police.

During the sentencing hearing, the defendant presented the testimony of Dr. William Bernet, the director of forensic psychiatry at Vanderbilt, who prepared a psychological evaluation report. Dr. Bernet testified that the defendant's lengthy history of psychiatric problems began in early childhood. He also testified that the defendant had been hospitalized six times in psychiatric facilities and had been arrested on multiple occasions.

The State introduced the presentence report, which confirmed the diagnoses of Dr. Bernet. The defendant's criminal history included two prior assault charges, three criminal trespassing charges, and one possession of cocaine charge. According to the presentence report, the defendant was on probation at the time of the robbery.

The trial court found three enhancement factors: (1) the defendant had a prior history of criminal behavior; (2) the defendant was a leader in the robbery; and (3) the defendant was unable to comply with the terms of probation. Additionally, the trial court found that the defendant's age and increased impulsive behavior were mitigating factors in the defendant's favor. The court found that the enhancing factors outweighed the mitigating factors and sentenced the defendant to eleven years as a Range I offender.

Analysis

The defendant contends that the evidence was insufficient to support the conviction. He argues that the State did not establish his identity as the perpetrator of the offense beyond a reasonable doubt. Further, he contends that the absence of any physical or forensic evidence connecting him to the crime creates a reasonable doubt that he committed the offense.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury,

approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

The defendant argues that the victim's statements on the night of the incident and during trial were inconsistent. Specifically, the defendant argues that the victim's being wrong about the number of photographs contained in the photograph line-up and his incorrect description of the defendant's height together with the lack of physical evidence raises a reasonable doubt that he committed the crime for which he was convicted.

Aggravated robbery is the intentional or knowing theft of property from the person of another by violence or fear accomplished with a deadly weapon. Tenn. Code Ann. § 39-13-402. Here, the proof introduced at trial showed that the defendant and two additional individuals, with the use of a sawed-off shotgun, robbed the victim of his wallet, cellular telephone, and car keys. The victim identified the defendant from a photographic line-up and in open court. Under the circumstances, the proof at trial was sufficient to sustain the conviction. This court has repeatedly held that the question of identification of the defendant as the person who committed the crime for which he is on trial is a question of fact for the determination of the jury, upon consideration of all the competent proof. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). The victim's identification of the perpetrator is sufficient. State v. Williams, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981). Here, the victim identified the defendant as one of the perpetrators, and the jury accredited that testimony. The defendant is not entitled to any relief on this issue.

Next, the defendant argues that the sentence imposed by the trial court was excessive. He contends that an eleven-year sentence is excessive because: the trial court did not give enough weight to his mental illness; statistical information suggests a lesser sentence for his crime; and the sentence imposed is contrary to general sentencing principles. However, our review reflects that the trial court did not err in sentencing the defendant.

The defendant committed the underlying offense in August 2005, after the Tennessee Criminal Sentencing Reform Act was amended. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the sentence range. Here, the parties stipulated that the defendant was a standard offender. The trial court then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the

defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1)　　The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2)　　The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2006).

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues with a presumption of correctness that the determinations of the trial court are correct." Tenn. Code Ann. § 40-35-401(d). Our court has previously held that the "presumption will be virtually irrebuttable if there is a factual basis for the consideration of the enhancement factor, the enhancement factor is not an element of the offense, and, in addition, the consideration of the factor is not inconsistent with the purposes of sentencing considerations set out in T.C.A. §§ 40-35-103 and -210." See State v. Terrance Patterson, No. W2005-01638-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 724, at * 27-28 (Tenn. Crim. App. Sept 17, 2007).

During the sentencing hearing, the trial court found there was ample evidence to show that multiple enhancement factors were applicable to the defendant: (1) He had a lengthy criminal history at the time he committed the robbery; (2) He had only completed sixteen days of his probation sentence at the time of the offense; and (3) He used a deadly weapon and directed two others when he robbed the victim. The court also found two mitigating factors to be applicable: (1) The defendant lacked substantial judgment in committing the offense due to his youth; and (2) He was suffering from a mental or physical condition that significantly reduced his culpability for the offense.

The defendant argues that his history of mental illness justifies an adjustment of his sentence by more than a one-year reduction from the maximum in the range. However, his argument is merely a conclusion and does not provide any additional evidence to reflect that the trial court misapplied the mitigating factor. The trial court clearly considered his history of mental illness on the record and considered it to be a mitigating factor. The defendant is not entitled to relief on this issue.

The defendant also contends that the trial court erred in failing to consider statistical sentencing data as provided in Tennessee Code Annotated section 40-35-210(b)(6). Specifically,

the defendant contends that his eleven-year sentence is "considerably longer than the average sentences imposed for his offense." Though compelling, this argument is without merit. The bare numbers show that the average sentence for a defendant convicted of aggravated robbery is typically more than nine years. However, the statistics presented by the defendant do not show the circumstances surrounding those cases, and the consideration of the statistics is but one factor the court is asked to consider. Our trial courts determine the specific sentence for a defendant on a case-by-case basis after considering a number of different factors. This defendant has not shown that the trial court erred in imposing a sentence of eleven years and, therefore, is not entitled to relief. Even if the defendant were successful in demonstrating that the trial court failed to consider the statistical data, there is additional evidence sufficient to justify the imposed sentence.

Our review reflects that the trial court properly sentenced the defendant to an eleven-year sentence. The decision of the trial court is supported by the record; therefore, we affirm.

Conclusion

Based on the foregoing and the record as a whole, we conclude that no error exists and affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE