IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2015

## STATE OF TENNESSEE v. CHRISTOPHER LEE CUNNINGHAM AND JAMES CLEO HARDIN

### Appeal from the Circuit Court for Madison County
No. 13-243    Donald H. Allen, Judge

### No. W2014-00230-CCA-R3-CD (C)  -  Filed March 24, 2015

The Defendant-Appellants, Christopher Lee Cunningham and James Cleo Hardin, were jointly convicted by a Madison County jury of one count of aggravated burglary and two counts of aggravated robbery. The trial court sentenced each defendant to an effective sentence of 22 years' confinement. On appeal, the Defendants argue that (1) the evidence is insufficient to sustain their convictions for aggravated burglary and aggravated robbery, and (2) the trial court abused its discretion by imposing consecutive sentences. Upon review, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeals as of Right; Judgments of the Circuit Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, and J. Colin Morris, Jackson, Tennessee, for the Defendant-Appellants, Christopher Lee Cunningham and James Cleo Hardin.

Robert E. Cooper, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On January 12, 2013, Dr. Allyson Anyanwu and her contractor, Lorenzo Amador, were robbed at gunpoint inside of her Jackson home. Dr. Anyanwu and her husband had recently purchased the house and begun doing minor renovations to it. The couple hired Mr. Amador and his team to help with the renovations. On the day of the incident, Dr.

Anyanwu came over to the house to do some work while Mr. Amador and several other workers were at the house. By about 5:30 p.m., all of the workers had left the house except for Mr. Amador.

Dr. Anyanwu was working in the kitchen when she turned to see Mr. Amador being led into the kitchen at gunpoint by two African American men. Accordingly to Dr. Anyanwu, both men had handguns and were wearing hooded sweatshirts with the hoods pulled up on their heads. She insisted that the gunmen's faces were not covered, although Mr. Amador testified that the men were wearing masks and he could only see their eyes. Dr. Anyanwu recalled that Mr. Amador was very frightened when he entered the kitchen and had a hard time standing still as directed by the gunmen. The gunmen appeared agitated by his behavior and kept holding their guns to his head and saying, "I will kill you." Because the gunmen "had their complete focus on [Mr. Amador]" at this time, Dr. Anyanwu was able to "take [her] time and look at each one of [the gunmen] and look at their guns." She testified that her kitchen was well-lit during the robbery, and she was able to clearly see the gunmen's faces. The darker-skinned gunman, later identified as Defendant Hardin, told Mr. Amador to give him his phone and wallet. After Mr. Amador complied, Defendant Hardin approached Dr. Anyanwu and said, "And what about you? What have you got?" He took her phone and put his gun inside of her shirt against her chest. He then ordered Dr. Anyanwu and Mr. Amador to kneel on the floor, and the two men left. On the way out of the house, Defendant Hardin took Dr. Anyanwu's purse that was on the kitchen counter. In the purse, Dr. Anyanwu had another cell phone, her ID, keys, some personal items, and $160 to $200 cash.

After the robbery, Dr. Anyanwu called the police from a neighbor's house. The police responded to the scene and interviewed the victims. They searched for the two gunmen that evening but were unable to find them. A few days later, Mr. Amador recognized one of the gunmen walking down the street and called the police. The police detained Defendants Cunningham and Hardin, and Mr. Amador identified Defendant Cunningham as one of the gunmen. He was unable to say with certainty whether Defendant Hardin was the other gunman. Several days later, police compiled a photographic lineup that included a photograph depicting Defendant Hardin. Dr. Anyanwu identified Defendant Hardin from the lineup as one of the gunmen. At trial, Dr. Anyanwu identified both Defendants as the two gunmen who robbed her and Mr. Amador. She was confident in her identification, stating at trial, "There is like no doubt in my mind who these people are."

Following deliberations, the jury convicted the Defendants as charged in the indictments of one count of aggravated burglary and two counts of aggravated robbery. At the November 18, 2013 sentencing hearing, the trial court sentenced the Defendants to 11 years' confinement for each robbery count and five years' confinement for aggravated

burglary. The court ordered that the aggravated robbery sentences run consecutively to one another and the aggravated burglarly sentence run concurrent with the aggravated robbery sentences for an effective sentence of 22 years' confinement for each Defendant.

Defendant Cunningham filed a motion for new trial or modification of sentence on December 16, 2013, which was denied by the trial court on January 16, 2014. He filed a timely notice of appeal on February 6, 2014. Defendant Hardin filed a motion for new trial on December 2, 2013, which was denied by the trial court on July 24, 2014. He filed a timely notice of appeal on May 28, 2014.

## ANALYSIS

On appeal, the Defendants argue that the evidence is insufficient to sustain their convictions for aggravated burglary and aggravated robbery and that the trial court erred in imposing partial consecutive sentences. The State responds that the evidence is sufficient to support the convictions, and the trial court acted within its discretion in sentencing the Defendants to effective 22-year sentences. Upon review, we agree with the State.

**I. Sufficiency of the Evidence.** In challenging the sufficiency of the evidence supporting their convictions, the Defendants do not contest the evidence establishing that an aggravated burglary and aggravated robbery took place; rather, they allege that the State failed to establish their identities as the perpetrators of these offenses. Both highlight the fact that Mr. Amador testified that the gunmen wore masks during the robbery while Dr. Anyanwu testified that the gunmen did not wear masks. Additionally, Defendant Cunningham argues that the proof is insufficient to support his conviction because Dr. Anyanwu did not identify Defendant Cunningham as one of the perpetrators until trial.

It is well-established that when considering the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." The jury as the trier of fact must evaluate the credibility of the witnesses,

determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2009). "Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009).

"The identity of the perpetrator is an essential element of any crime." State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006) (citing State v. Thompson, 519 S.W.2d 789, 793 (Tenn. 1975)). The State has the burden of proving the identity of the defendant as the perpetrator beyond a reasonable doubt. State v. Cribbs, 967 S.W.2d 773, 779 (Tenn. 1998). The identity of the defendant as the perpetrator may be established by direct evidence, circumstantial evidence, or a combination of the two. Thompson, 519 S.W.2d at 793. "The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made." State v. Radley, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999) (citing State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993)). Further, "the testimony of a victim, by itself, is sufficient to support a conviction." Strickland, 885 S.W.2d at 87 (citing State v. Williams, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981)). "Inconsistency, inaccuracy, and omissions in the description of the defendant by a witness otherwise able to positively identify the defendant are questions for the jury to consider in determining the weight to be given to the testimony." Id. (citing State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990)). Because questions of credibility are matters for the jury to resolve, this court will not disturb the jury's verdict "unless the inaccuracies or inconsistencies are so improbable or so unsatisfactory as to create a reasonable doubt of the [defendant]'s guilt." Id.

In the case sub judice, Dr. Anyanwu positively identified both Defendants at trial. She testified that she was able to "take her time" and look at each gunman during the robbery while his attention was focused on Mr. Amador, and she was adamant that the Defendants were the men who robbed her. This testimony, alone, is sufficient to sustain the convictions for both Defendants. See Strickland, 885 S.W.2d at 87. Although Mr. Amador's testimony that the gunmen were wearing masks during the robbery conflicted with Dr. Anyanwu's testimony, this fact does not undermine the jury's verdict. The discrepancy in the testimony was fully presented to the jury, and the jury resolved any inconsistencies or credibility issues with their verdict, as was their prerogative. See Campbell, 245 S.W.3d at 335. We will not reweigh or reevaluate the evidence. Dorantes, 331 S.W.3d at 379. The Defendants are not entitled to relief.

-4-

**II. Sentencing.** The Defendants also challenge the trial court's imposition of effective 22-year sentences of confinement. The Defendants do not attack the length of each sentence imposed but assert that the trial court abused its discretion in imposing partial consecutive sentences. The Defendants argue that the effective 22-year sentence is excessive and that concurrent sentences on all counts would have adequately fulfilled the purposes and principles of sentencing.

Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a) (2006). The Tennessee Supreme Court has held, "[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." State v. Pollard, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of seven categories enumerated in code section 40-35-115(b). Those categories include:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
(2) The defendant is an offender whose record of criminal activity is extensive;
(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;
(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
(6) The defendant is sentenced for an offense committed while on probation; or
(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b) (2006). An order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1); see State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). In addition, the length of a consecutive

sentence must be "no greater than that deserved for the offense committed." T.C.A. § 40-35-103(2); see Imfeld, 70 S.W.3d at 708. This court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." Pollard, 432 S.W.3d at 861.

In the instant case, the trial court imposed consecutive sentences based upon its finding that both Defendants were on probation at the time that they comitted these offenses. See T.C.A. § 40-35-115(b)(6). The court emphasized that as a condition of that probation, both Defendants were ordered not to possess any type of firearm and noted that "not only were they violating probation by committing aggravated robbery . . . [and] aggravated burglary, they were also violating probation in committing a federal offense by being in possession of a gun[.]" The court discussed the serious nature of the offenses and found that the "aggregate sentence of 22 years reasonably relates to the offenses for which the [D]efendants have been convicted and especially in light of the prior criminal history [of each Defendant][.]" As noted, the existence of only one factor is sufficient to impose consecutive sentencing. See T.C.A. § 40-35-115(b); see Pollard, 423 S.W.3d at 862 ("Any one of these grounds is a sufficient basis for the imposition of consecutive sentences.") (citing State v. Dickson, 413 S.W.3d 735, 748 (Tenn. 2013)). The record fully supports the trial court's finding in this regard, and we discern no abuse of discretion by the trial court in imposing partial consecutive sentencing. The Defendants are not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and analysis, we affirm the judgments of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE